## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
           and )
)
BOARD OF TRUSTEES OF THE INTERNATIONAL )
UNION OF OPERATING ENGINEERS AND PIPE )
LINE EMPLOYERS HEALTH AND WELFARE )
FUND )
1125 Seventeenth Street, N.W. )
Washington, D.C. 20036, )
)
                    Plaintiffs, )
)
       v. )
)
GULF COAST INDUSTRIAL MAINTENANCE, LLC )
2360 Old Highway 60 )
Mulberry, Florida 33860 )
)
      Serve:  Registered Agent )
               Stephen C. Bailey )
               2360 Old Highway 60 )
               Mulberry, Florida 33860, )
)
                    Defendant. )

## COMPLAINT

## (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUNDS)

Plaintiffs, pursuant to Federal Rule of Civil Procedure 8(a), hereby allege the

following:

**PARTIES**

1.      Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund").   The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).   The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust.   The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016.   The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee welfare benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 2(37) of ERISA, 29 U.S.C. § 1002(37).   The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth Street, N.W., Washington, D.C. 20036.   The individual members of the Board of Trustees are

2

designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      Defendant Gulf Coast Industrial Maintenance, LLC is a Florida corporation with an office located at 2360 Old Highway 60, in Mulberry, Florida, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

4.      This is an action to collect contributions due to employee benefit plans under the terms of collective bargaining agreements and trust agreements. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

5.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

6.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

7.      Defendant has been bound at all relevant times to Collective Bargaining Agreements with the International Union of Operating Engineers and its Local Union No. 925 that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of the Local Union.

8.     Pursuant to the Agreements the Defendant agreed to pay certain sums of money to the Plaintiffs for certain hours worked by employees of the Defendant performing work covered by the Agreements.

9.     During the period of July 23, 2013, to December 31, 2015 the Defendants employed employees performing work covered by the Agreements.

10.     During the period of July 23, 2013 to December 31, 2015 the Defendants failed to pay all contributions owing to the Plaintiffs.

11.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

12.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

13.     Pursuant to the Plaintiffs' Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

14.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15.     In September 2016 Calibre CPA Group PLLC performed a payroll audit of the records supplied by the Defendant for Employer Identification Number 33957 and account number 224363 for the period of July 23, 2013, to December 31, 2015, for work

performed under the Agreements within the jurisdiction of International Union of Operating Engineers Local Union No. 925.

16.     The results of the audit revealed that during the period of July 23, 2013, to December 31, 2015, the Defendant failed to pay all contributions owing to the Plaintiffs under the Agreements in the total amount of $35,354.57.

17.     The Plaintiffs first became aware of this delinquency as a result of the audit findings.

18.     The Defendant failed to pay the amount of contributions owing to the Plaintiffs as revealed by the audit.

19.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreements, the obligations under the Plaintiffs' Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

20.     The Defendant has failed to pay liquidated damages and interest for late and unpaid contributions owed to the Plaintiffs as well as the cost of the audit.

21.     The Plaintiffs are entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on late and unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**WHEREFORE,** Plaintiffs pray judgment against the Defendant as follows:

A.     For unpaid contributions due and owing to the Plaintiffs for work performed during the period of July 23, 2013, to December 31, 2015, in the amount of $35,354.57.

B.     For liquidated damages and interest for any late and unpaid contributions owed as provided for in the Plaintiffs' Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) and up to the date of judgment.

C.      For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C.

§ 1132(g)(2) and the Plaintiffs' Restated Agreements and Declarations of Trust up to the

date of judgment.

D.      Such further relief as the Court deems appropriate.

                                        Respectfully submitted,

Dated:  January 19, 2017                **O'DONOGHUE & O'DONOGHUE LLP**
                                        4748 Wisconsin Avenue, N.W.
                                        Washington, D.C. 20016
                                        Telephone: (202) 362-0041
                                        Facsimile: (202) 237-1200
                                        rhopp@odonoghuelaw.com

                        By:     _____
                                        R. Richard Hopp (Bar No. 432221)

                                        *Attorney for the Plaintiffs*